UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAELI, L.L.C. and GREAT LAKES
AFFORDABLE HOUSING, L.L.C.,
Michigan limited liability companies,

          Plaintiffs,                 Case No. 14-13958-TGB-MKM

v.                                Hon. Terrence G. Berg

WAYNE COUNTY; WAYNE COUNTY TREASURER
RAYMOND WOJTOWICZ; OAKLAND COUNTY;
OAKLAND COUNTY TREASURER ANDREW MEISNER,

          Defendants.

---

## DEFENDANTS' MOTION TO DISMISS

---

**NOW COME** Defendants and move this Court for dismissal pursuant to F.R.C.P. 12(b)(1) & (6), and for the following reasons:

1.    Plaintiffs claim the notices required by the Michigan General Property Tax Act (M.C.L. 211.1 et seq.) regarding delinquent real estate taxes, the notices of impending judicial foreclosure for failure to pay the delinquent taxes and the initiation of judicial foreclosure proceedings do not comport with the constitutional requirements of due process and equal protection.   In addition, they claim their real property has been taken without just compensation.  Plaintiffs seek an injunction, declaratory relief and damages.

2. This case should be dismissed because the Court lacks subject matter jurisdiction. The Tax Injunction Act, 28 U.S.C. §1341, deprives federal courts of subject matter jurisdiction to enjoin state tax collection or issue declaratory judgments on state tax collection as long as there is an adequate state remedy. In addition, principles of comity deprive federal courts of subject matter jurisdiction to award damages in such disputes.

3. Should the Court retain jurisdiction, the claims should be dismissed for other reasons. Plaintiff Rafaeli's claim should be dismissed since it has impermissibly split its claim. It currently has a case pending in the Oakland County Circuit Court involving the same occurrence. Plaintiff Great Lakes Affordable Housing's claim should be dismissed since it fails to allege any facts indicating any colorable claim. It simply states it "owned real property within the County of Wayne … which was taken and sold by the Wayne County Treasurer due to alleged delinquent property taxes…." – something which is clearly permissible.

4. Defendants sought concurrence in this motion on November 25, 2014, but it was denied.

WHEREFORE, Defendants request this Honorable Court to dismiss Plaintiffs' Complaint with prejudice.

2

GIARMARCO, MULLINS & HORTON, P.C.

By:/s/ William H. Horton
    WILLIAM H. HORTON (P31567)
    Attorney for Defendants Oakland County
    and Andrew Meisner
    101 West Big Beaver Road, Tenth Floor
    Troy, Michigan  48084-528
    (248) 457-7000
    bhorton@gmhlaw.com


/s/ Keith J. Lerminiaux
KEITH J. LERMINIAUX (P30190)
Co-Counsel for Oakland County
and Andrew Meisner
Department of Corporation Counsel
1200 N. Telegraph Road, Dept. 419
Pontiac, Michigan 48341-0419
(248) 858-0557
lerminiauxk@oakgov.com


/s/ Cynthia M. Yun
CYNTHIA M. YUN (P40544)
Attorney for Defendants Wayne County
and Wayne County Treasurer
Raymond Wojtowicz
Wayne County Corporation Counsel
400 Monroe, Suite 660
Detroit, Michigan 48226
(313) 224-6668
cyun@co.wayne.mi.us

Date: November 26, 2014

<u>CERTIFICATE OF SERVICE</u>

On November 26, 2014, I certify that I electronically filed this document with the Clerk of the Court through the ECF System, which will send notice of such electronic filing to all counsel of record registered electronically.

/s/ William H. Horton
WILLIAM H. HORTON (P31567)
Attorney for Oakland County and
Andrew Meisner
bhorton@gmhlaw.com

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAELI, L.L.C. and GREAT LAKES
AFFORDABLE HOUSING, L.L.C.,
Michigan limited liability companies,

        Plaintiffs,                    Case No. 14-13958-TGB-MKM

v.                                 Hon. Terrence G. Berg

WAYNE COUNTY; WAYNE COUNTY TREASURER
RAYMOND WOJTOWICZ; OAKLAND COUNTY;
OAKLAND COUNTY TREASURER ANDREW MEISNER,

        Defendants.

---

## NOTICE OF HEARING

---

      **PLEASE TAKE NOTICE** that Defendants' Motion to Dismiss will be brought

on for hearing at a date and time to be set by the Court.

                            GIARMARCO, MULLINS & HORTON, P.C.

                    By: /s/ William H. Horton
                        WILLIAM H. HORTON (P31567)
                        Attorney for Defendants Oakland County
                        and Andrew Meisner
                        101 West Big Beaver Road, Tenth Floor
                        Troy, Michigan  48084-5280
                        (248) 457-7000
                        bhorton@gmhlaw.com

/s/ Keith J. Lerminiaux
**KEITH J. LERMINIAUX** (P30190)
Co-Counsel for Oakland County
and Andrew Meisner
Department of Corporation Counsel
1200 N. Telegraph Road, Dept. 419
Pontiac, Michigan 48341-0419
(248) 858-0557
lerminiauxk@oakgov.com


/s/ Cynthia M. Yun
**CYNTHIA M. YUN** (P40544)
Attorney for Defendants Wayne County
and Wayne County Treasurer
Raymond Wojtowicz
Wayne County Corporation Counsel
400 Monroe, Suite 660
Detroit, Michigan 48226
(313) 224-6668
cyun@co.wayne.mi.us

Date: November 26, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAELI, L.L.C. and GREAT LAKES
AFFORDABLE HOUSING, L.L.C.,
Michigan limited liability companies,

        Plaintiffs,

v.

                Case No. 4:14-cv-13958-TGB-MKM
                Hon. Terrence G. Berg

WAYNE COUNTY; WAYNE COUNTY TREASURER
RAYMOND WOJTOWICZ; OAKLAND COUNTY;
OAKLAND COUNTY TREASURER ANDREW MEISNER,

        Defendants.

---

## BRIEF RE: DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

Index of Authorities ......................................................................

Index of Exhibits .........................................................................

Statement of Issues Presented .....................................................

Controlling Authority...................................................................

Introduction .......................................................................... 1

Statement of Facts ................................................................... 1

Argument ................................................................................ 6

### I.

THE COURT LACKS
SUBJECT MATTER JURISDICTION ......................... 6

### II.

PLAINTIFF RAFAELI HAS
IMPERMISSIBLY SPLIT ITS CLAIM........................... 13

### III.

PLAINTIFF GLAH
FAILS TO STATE A CLAIM ................................. 15

Relief Requested .................................................................. 16

## INDEX OF AUTHORITIES

Page

**Cases**

Bates v. Colony Park Ass'n
393 F. Supp. 2d 578, 597 (E.D. Mich. 2005) ........................................... 11

Bell Atlantic Corp. v. Twombly
55. U.S. 544 (2007) .............................................................................. 15

California v. Grace Brethren Church
457 U.S. 393, 411 (1982) .................................................................. vi, 6

Chippewa Trading Co. v. Cox
365 F.3d 538 (6th Cir. 2004) ................................................................. 8

Colorado River Water Conservation Dist. v. United States
424 U.S. 800, 817 (1976) ..................................................................... 14

District of Columbia Court of Appeals v. Feldman
460 U.S. 462 (1983) ............................................................................ 12

Ellis v. Gallatin Steel Co.
390 F.3d 461, 479 (6th Cir. 2004) ........................................................ 13

Fair Assessment In Real Estate Assn. v. McNary
454 U.S. 100, 116 (1981) ................................................................... vi, 7

In re Nat'l Century Fin. Enters.
497 Fed. Appx. 491, 500 (6th Cir. 2012) ............................................... 13

Moir v. Greater Cleveland Regional Transit Auth
895 F.2d 266, 269 (6th Cir. 1990) ........................................................ 11

New Hampshire v. Maine
532 U.S. 742, 749 (2001) .................................................................... 12

Pegross v. Oakland County Treasurer
Case No. 13-2453 (6th Cir. November 18, 2014) ................................. 7, 8

Ponte v. McLachlan
    Case No. 13-10370 (E.D. Mich. September 12, 2013)........................... 11

Wilkins v. Jakeway
    183 F.3d 528, 535 (6th Cir. 1999) ........................................................ 13

**Statutes**
42 U.S.C. §1983 ................................................................................ 4

Tax Injunction Act, 28 U.S.C. §1341 ...................................................... vi, 6

## INDEX OF EXHIBITS

A.   Emergency Motion for Injunctive Relief, Relief from Judgment,
And to Set Aside Foreclosure Judgment and Auction Sale In Re:
20159 Mada, Southfield, MI (Parcel ID# 76-24-34-278-034)
Oakland Circuit Court Case No. 13-134052-CZ

B.   Injunction, Oakland Circuit Court Case No. 13-134052-CZ

C.   Rafaeli, LLC's Supplemental Brief in Support of Emergency Motion for
Injunctive Relief, Oakland Circuit Court Case No. 13-134052-CZ

D.   Answer of Oakland County Treasurer in Opposition to Emergency
Motion for Injunctive Relief, Oakland Circuit Court Case No.
13-134052-CZ

E.   Opinion,  Pegross v. Oakland County Treasurer, Case No. 13-2453 (6th
Cir. November 18, 2014)

F.   Memorandum and Order Granting Defendant Washtenaw County
Treasurer's Motion to Dismiss, Ponte v. McLachlan, et al., Case No.
13-10370 (E.D. Mich. September 12, 2013)

## STATEMENT OF ISSUES PRESENTED

### I.

### DOES THE COURT HAVE JURISDICTION
### TO HEAR THIS STATE TAX DISPUTE?

Plaintiffs say "Yes."
Defendants say "No."

### II.

### HAS PLAINTIFF RAFAELI
### IMPERMISSIBLY SPLIT ITS CLAIM?

Plaintiffs say "No."
Defendants say "Yes."

### III.

### HAS PLAINTIFF GLAH FAILED TO STATE A CLAIM?

Plaintiffs say "No."
Defendants say "Yes."

## CONTROLLING AUTHORITY

Tax Injunction Act, 28 U.S.C. §1341

<u>California</u> v. <u>Grace Brethren Church</u>, 457 U.S. 393, 411 (1982)

<u>Fair Assessment In Real Estate Assn.</u> v. <u>McNary</u>, 454 U.S. 100, 116 (1981)

## INTRODUCTION

Plaintiffs challenge Michigan's real property tax collection process.   They allege the notices of real property tax delinquency and foreclosure issued by Defendants for Plaintiffs' failure to pay those taxes violate the due process, equal protection and taking clauses of the Constitution.   Plaintiffs seek injunctive, declaratory and monetary relief.

However, the Court lacks subject matter jurisdiction to hear this case. As Congress and the Supreme Court have stated, federal courts are without jurisdiction to hear such cases as long as an aggrieved taxpayer has an adequate state court remedy.   Michigan has such a process.   In fact, Plaintiff Rafaeli is currently availing itself of that process – it has challenged the tax foreclosure on its property and obtained an injunction to preserve the status quo pending further briefing and a hearing.

In the unlikely event the Court retains jurisdiction, it should dismiss this case for other reasons.   As to Plaintiff Rafaeli, it has impermissibly split its claim, since the same claim is pending in Oakland County Circuit Court.   As to Plaintiff Great Lakes Affordable Housing, it fails to state a claim.   Only one paragraph in the Complaint relates to it and alleges no facts giving rise to a

1

claim.  GLAH simply says it lost some unidentified real estate because it failed to pay real property taxes – something which is undeniably permissible.

## FACTS

### 1. Plaintiff Rafaeli.

Plaintiff Rafaeli purchased a single family house at 20159 Mada in Southfield in 2011 and rented it out.  Rafaeli listed its address on the deed as 19900 Ten Mile Road in St. Clair Shores.

Rafaeli claims the notices of tax delinquency – admittedly for a small amount – were sent to the property address in Southfield, not to its address in St. Clair Shores, and it did not receive them.  Specifically, it alleges the notices were sent to the property address on June 11, 2012, September 3, 2012, and February 1, 2013.  Complaint at ¶¶20-22.

About three months later, on May 16, 2013, the Oakland County Treasurer filed its annual, bulk judicial foreclosure case, as required by statute, M.C.L. 211.78h.  Plaintiff Rafaeli alleges it never received actual notice of the proceeding.  Id at ¶23.  Over the course of the next seven months, the Treasurer sent two notices offering assistance to avoid foreclosure to Rafaeli at

the Southfield property address and also to the St. Clair Shores address. Id at ¶¶24-25.

On February 26, 2014, the Oakland County Circuit Court entered a judgment of foreclosure against Plaintiff Rafaeli and all others in the case who had not resolved their delinquent taxes. Id at ¶26. On August 19, 2014, in the normal course, the Treasurer held an auction and Rafaeli's property was sold. Id at ¶27. Plaintiff Rafaeli claims it never received actual or constructive notice of the proceedings until the new owner evicted its tenants from the house. Id

Shortly thereafter, on September 25, 2014, Rafaeli filed an Emergency Motion in the state foreclosure case, seeking an injunction and relief from the judgment of foreclosure. Exhibit A. The Oakland County Circuit Court issued an injunction preventing the County from issuing a tax deed pending further proceedings. Exhibit B. The parties have filed various briefs. Plaintiff Rafaeli contends the foreclosure of its property was improper and violates the same constitutional provisions as it claims were violated in this case. Exhibit C. Oakland County and its Treasurer contend the foreclosure was completely in compliance with Michigan and federal law. Exhibit D. The issue is set for a further hearing on December 3.

3

## 2. Great Lakes Affordable Housing.

GLAH is a mystery.  There is only one allegation in the Complaint related to it.  It does not identify any real property it allegedly owned or any allegation regarding notices it did or did not receive.  Paragraph 33 states:

> Plaintiff GREAT LAKES AFFORDABLE HOUSING, LLC is also a limited liability company formed under the laws of the State of Michigan and which prior to March 31, 2014 owned real property located within the County of Wayne but which after that date has the property taken and sold by the Wayne County Treasurer due to alleged delinquent property taxes for the year 2011.

## 3. The Complaint.

The Complaint, styled as a putative class action, was filed on October 14, 2014, almost three weeks after it took action in Oakland County Circuit Court.   It alleges Plaintiffs were deprived of their property without due process, they were denied equal protection, and their property was taken without just compensation.  Complaint, Counts I-IV.  They seek injunctive relief, Count VI (entitled "Injunctive Relief"), declaratory relief, Count VII (entitled "Declaratory Relief") and money damages under 42 U.S.C. §1983.  Paragraph 30 of the Complaint states:

> Under these circumstances and because this end result happens to thousands of similarly situated people, Rafaeli brings this action under 42 U.S.C. §1983 in order to seek redress for the violation of its and many

4

others' rights to due process, just compensation, and equal protection.   By the action, Rafaeli seeks declaratory and injunctive relief, as well as damages, interest and the costs of this suit, including attorney's fees as provided by 42 U.S.C. §1988.

## ARGUMENT

### I.

## THE COURT LACKS
## SUBJECT MATTER JURISDICTION

The Court lacks subject matter jurisdiction to hear this state tax dispute. Congress and the Supreme Court have withdrawn jurisdiction from the federal courts to hear challenges to state tax collections as long as there is an adequate remedy provided through the state court. There is an adequate Michigan remedy and Plaintiff Rafaeli is pursuing it.

Congress withdrew federal jurisdiction to issue injunctions against tax collection in the Tax Injunction Act, 28 U.S.C. §1341. The Act states:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

The Supreme Court has held that the TIA prohibits declaratory relief as well. In California v. Grace Brethren Church, 457 U.S. 393, 411 (1982), the Court stated:

> Consequently, because Congress' intent in enacting the Tax Injunction Act was to prevent federal-court interference with the assessment and collection of state taxes, we hold that the Act prohibits declaratory as well as injunctive relief.

6

(Emphasis added).

The withdrawal of jurisdiction was complete when the Court held that monetary relief was likewise not available:

> [T]axpayers are barred by the principle of comity from asserting §1983 actions against the validity of state tax systems in federal courts.   Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court.

Fair Assessment In Real Estate Assn. v. McNary, 454 U.S. 100, 116 (1981) (emphasis added).

These principles have been applied repeatedly and recently in the Sixth Circuit.  For example, two weeks ago, the Sixth Circuit affirmed dismissal of a case against Oakland County and its Treasurer in a tax collection case on the basis that the district court was without subject matter jurisdiction.  In Pegross v. Oakland County Treasurer, Case No. 13-2453 (6th Cir. November 18, 2014) (Exhibit E), the plaintiff alleged the Treasurer had reneged on agreements to postpone certain foreclosure sales. He alleged this action violated his constitutional rights.  Id at 3.  The district court eventually granted summary judgment to the Treasurer.

7

But the Sixth Circuit vacated the summary judgment. Instead, it held that the district court lacked jurisdiction to hear the case and remanded the case for dismissal. Id at 2. In so holding, the Court stated:

> [W]here adequate state remedies exist, the Tax Injunction Act … and principles of comity deprive federal courts of jurisdiction to provide the remedies that [Plaintiff] Pegross sought.

Id at 1-2.

The Court further held that Michigan provides a plain, efficient and speedy remedy:

> [Plaintiff's] attempts to obtain relief in that [Michigan] forum may have been fruitless, but that fact does not reflect on the adequacy of the remedy that Michigan law provides to its taxpayers.

Id at 13.

The Pegross case is unpublished because the law in this regard is well established. The TIA was enacted in 1934. Fair Assessment was decided in 1981. Grace Brethren Church was decided in 1982. The Sixth Circuit has not issued a published decision on the issue since 2004 when it decided Chippewa Trading Co. v. Cox, 365 F.3d 538 (6th Cir. 2004), where the Court was clear and explicit. In that case, a Michigan-based Indian tribe challenged the constitutionality of Michigan's seizure of its untaxed cigarettes. The Tribe sought

8

money damages.   First, the Sixth Circuit held that the court was without

jurisdiction to hear the claim.

> As the district court recognized, Chippewa's action
> implicates a broad federal common-law principle of
> comity that governs constitutional challenges to state
> tax administration.   This principle, which stems chiefly
> from Fair Assessment and Great Lakes Dredge & Dock
> Co. v. Huffman, 319 U.S. 293, 87 L. Ed. 1407, 63 S.
> Ct. 1070 (1943), prohibits "taxpayers . . . from
> asserting § 1983 actions against the validity of state tax
> systems in [the lower] federal courts." Fair Assessment,
> 454 U.S. at 116.  In such cases, a federal court should
> normally abstain from hearing the action as long as
> there is a "plain, adequate, and complete" remedy
> available to the plaintiff in state court. Ibid.  While this
> comity principle reflects some of the same concerns
> that led Congress to enact the Tax Injunction Act, 28
> U.S.C. § 1341, it stands on its own bottom, and
> extends to cases seeking monetary damages  as well as
> injunctive or other equitable relief.   Fair Assessment,
> 454 U.S. at 110; In re Gillis, 836 F.2d 1001, 1006
> (6th Cir. 1988) (comity principle is "substantially
> broader" than bar imposed by Tax Injunction Act).   At
> the same time, relief in federal court remains potentially
> available in such cases through direct review by the
> United States Supreme Court of any final state court
> judgment on a constitutional challenge to a tax.   Fair
> Assessment, 454 U.S. at 116.
>
> Previous holdings make clear that Chippewa's suit
> threatens a level of interference with Michigan's tax
> scheme that is enough to implicate the comity
> principle. See id. at 114-15 (holding that comity barred
> § 1983 suit against county tax assessors challenging
> alleged overassessment of the value of improved real
> estate; suit would have chilling effect on county tax

> officials); Gillis, 836 F.2d at 1008 (comity barred federal declaratory action claiming that Kentucky tax authorities violated equal protection by systematically underassessing property in the form of coal, oil, and gas interests).

Id at 541-42.

Second, the Tribe asserted that Michigan did not provide a plain, adequate and speedy remedy. The Court disagreed:

> We disagree. Chippewa has not meaningfully contested the district court's conclusion that it has an independent state remedy, quite apart from the TPTA administrative procedure, in the form of a direct constitutional challenge to the tax scheme in state court. Such a constitutional challenge may be brought in the Michigan circuit courts in the first instance. Kostyu v. Dep't of Treasury, 170 Mich. App. 123, 427 N.W.2d 566, 568 (Mich. Ct. App. 1988); Joy Mgmt. Co. v. City of Detroit, 440 N.W.2d 654, 657, 176 Mich. App. 722 (Mich. Ct. App. 1989), overruled in part on other grounds, City of Detroit v. Walker, 445 Mich. 682, 520 N.W.2d 135, 142 (1994); see Smith v. Cliffs on the Bay Condominium Ass'n, 463 Mich. 420, 617 N.W.2d 536 (Mich. 2000) (hearing challenge to notice provisions of tax statute on federal and state due process grounds). A plaintiff may also bring a § 1983 injunctive action in the Michigan courts against state officials pursuant to the Ex Parte Young doctrine. See Jones v. Powell, 462 Mich. 329, 612 N.W.2d 423, 425 (Mich. 2000); Bay Mills Indian Community v. State, 626 N.W.2d 169, 175, 244 Mich. App. 739 (Mich. Ct. App. 2001). The availability of a § 1983 action in state court significantly supports federal court abstention under the comity doctrine. Fair Assessment, 454 U.S. at 116-17;

10

Long Island Lighting Co. v. Town of Brookhaven, 889
F.2d 428, 432-33 (2d Cir. 1989).

Id at 542-43 (emphasis added).

Courts in this District have, of course, followed these holdings of the
Supreme Court and the Sixth Circuit.  For example, see Bates v. Colony Park
Ass'n, 393 F. Supp. 2d 578, 597 (E.D. Mich. 2005) ("Plaintiffs would not be
entitled to proceed with their federal due process claim so long as state
remedies remain available that they have not yet pursued.  As to the decision of
the Township's Zoning Board of Appeals, at least, Michigan courts are available
for review of such determinations."); Ponte v. McLachlan, Case No. 13-10370
(E.D. Mich. September 12, 2013) (Exhibit F at 12) ("Because a plain, adequate,
and complete remedy is available in the [Michigan] state courts, and the trusts
may ultimately seek review of the state court decisions in the United States
Supreme Court, this action is not appropriate in this Court.").

When a defendant challenges subject matter jurisdiction, the plaintiff has
the burden of establishing jurisdiction.   Moir v. Greater Cleveland Regional
Transit Auth, 895 F.2d 266, 269 (6th Cir. 1990).  Here, Plaintiffs cannot meet
that burden.   They seek injunctive, declaratory and monetary relief against
county taxing authorities – exactly what is prohibited by the TIA, Fair Assessment
and Greater Brethren Church.  Even though prior cases have put the "adequate

11

remedy" issue to rest, Plaintiffs do not even allege in their Complaint that Michigan courts are inadequate to address their claims.

Even if Plaintiffs had asserted that they lack an adequate remedy through the Michigan courts, such a claim would be factually and legally meritless. Plaintiff Rafaeli is currently pursuing such a remedy in the Oakland County Circuit Court. At least so far, it has obtained the relief it sought -- the Michigan court issued an interim injunction. In addition to the other reasons, Plaintiff Rafaeli is judicially estopped from now claiming the Michigan remedy is inadequate. E.g., New Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding").[1]

---

[1] Even though the TIA and comity require that the state remedy provide only procedural due process – clearly a remedy available through the Michigan courts – the setting of this case illustrates an additional reason why the Court lacks jurisdiction. If Plaintiff Rafaeli is successful in the Oakland County Circuit Court, it will be unable to allege in good faith that Michigan courts do not provide it with an adequate remedy since any harm it may have suffered has been remedied. On the other hand, if it is unsuccessful in state court, its remedy is to appeal to the Michigan Court of Appeals. This Court is without jurisdiction to act as a court of appeals over a Michigan court. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine holds that federal appellate review of judgments rendered by state courts can only occur in the Supreme Court, by appeal or by writ of certiorari.

II.

## PLAINTIFF RAFAELI HAS
## IMPERMISSIBLY SPLIT ITS CLAIM

The splitting of a claim between two courts is prohibited. "Simultaneously maintaining separate actions, or claim-splitting, is generally prohibited." In re Nat'l Century Fin. Enters., 497 Fed. Appx. 491, 500 (6th Cir. 2012). "[A] plaintiff must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora." Ellis v. Gallatin Steel Co., 390 F.3d 461, 479 (6th Cir. 2004). Accord: Wilkins v. Jakeway, 183 F.3d 528, 535 (6th Cir. 1999) ("strenuously voic[ing] its displeasure" with claims splitting, even where the theories in each case "are based on different substantive grounds.").

Here, Plaintiff Rafaeli has split its claim – it currently has pending a previously-filed case making the same allegations in the Oakland County Circuit Court. A comparison of the Complaint in this case with the papers filed by Plaintiff Rafaeli in state court show they are virtually identical.

For this reason, this Court should abstain from hearing this case (or at least the claim of Rafaeli) under the Colorado River doctrine, which allows a federal court to dismiss a case pending resolution of a parallel state action.

13

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817

(1976).

III.

## PLAINTIFF GLAH
## FAILS TO STATE A CLAIM

Plaintiff GLAH fails to state a claim upon which relief can be granted. A complaint must contain a "statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). A complaint must "contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Bell Atlantic Corp. v. Twombly, 55. U.S. 544 (2007). Rather, "[A] plaintiff's obligation to provide the 'grounds' of its 'entitle[ment] to relief'" requires the plaintiff to make "[f]actual allegations [that] raise a right to relief above the speculative level." Id at 555.

Here, the complaint does not satisfy Rule 8 as to Plaintiff GLAH. Of the 146 paragraph complaint, there is literally only one alleging any facts related to GLAH and none of those facts support any claim. The basis of Plaintiff Rafaeli's claim is based on lack of notice. Plaintiff GLAH makes no such allegation. Paragraph 33 states:

> Plaintiff GREAT LAKES AFFORDABLE HOUSING, LLC is also a limited liability company formed under the laws of the State of Michigan and which prior to March 31, 2014 owned real property located within the County of Wayne but which after that date has the property taken and sold by the Wayne County Treasurer due to alleged delinquent property taxes for the year 2011.

15

GLAH's allegations, which must be taken as true for the purpose of this motion, show that Defendants are entitled to judgment. GLAH simply says it had real property taken by Wayne County authorities for failure to pay its property taxes. This is exactly what the law requires and there is no allegation of impropriety. The remainder of the Complaint tells the story of Plaintiff Rafaeli.

In the absence of factual allegations by GLAH, its claims should be dismissed.

GIARMARCO, MULLINS & HORTON, P.C.

By: /s/ William H. Horton
    WILLIAM H. HORTON (P31567)
    ELIZABETH A. FAVARO (P69610)
    Attorneys for Defendants Oakland County
    and Andrew Meisner
    101 West Big Beaver Road, Tenth Floor
    Troy, Michigan  48084-5280
    (248) 457-7000
    bhorton@gmhlaw.com

    /s/ Keith J. Lerminiaux
    KEITH J. LERMINIAUX (P30190)
    Co-Counsel for Oakland County
    and Andrew Meisner
    Department of Corporation Counsel
    1200 N. Telegraph Road, Dept. 419
    Pontiac, Michigan 48341-0419
    (248) 858-0557
    lerminiauxk@oakgov.com

/s/ Cynthia M. Yun
CYNTHIA M. YUN (P40544)
Attorney for Defendants Wayne County
and Wayne County Treasurer
Raymond Wojtowicz
Wayne County Corporation Counsel
400 Monroe, Suite 660
Detroit, Michigan 48226
(313) 224-6668
cyun@co.wayne.mi.us

Date: November 26, 2014


## CERTIFICATE OF SERVICE

On November 26, 2014, I certify that I electronically filed this document

with the Clerk of the Court through the ECF System, which will send notice of

such electronic filing to all counsel of record registered electronically.

/s/ William H. Horton
WILLIAM H. HORTON (P31567)
Attorney for Oakland County and
Oakland County Treasurer
bhorton@gmhlaw.com

17