UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAELI, L.L.C. and GREAT LAKES
AFFORDABLE HOUSING, L.L.C.,
Michigan limited liability companies,

              Plaintiffs,

v.                                 Case No. 4:14-cv-13958-TGB-MKM
                                 Hon. Terrence G. Berg

WAYNE COUNTY; WAYNE COUNTY TREASURER
RAYMOND WOJTOWICZ; OAKLAND COUNTY;
OAKLAND COUNTY TREASURER ANDREW MEISNER,

              Defendants.

---

## DEFENDANTS' REPLY BRIEF

---

## INTRODUCTION

Plaintiffs attempt to ignore what they pleaded. They claim that the tax foreclosure "process" and the Defendants "administration of it" was done "without adequate notice, a meaningful opportunity at which to be heard, or just compensation." Complaint ¶59. Such a claim is barred by the Tax Injunction Act, comity and the requirement that Plaintiffs exhaust their state remedies. The cases cited by Plaintiffs are readily distinguishable.

## ARGUMENT

The TIA and comity bar federal actions which challenge "the assessment, levy or collection of any tax under State law." Plaintiffs' entire Complaint is a challenge to the process by which the tax is collected. Their Complaint alleges in detail both the general process by which a delinquent tax is collected pursuant to the General Property Tax Act through a tax sale (¶¶42-59) and the alleged violations of the GPTA process and the Constitution as to what occurred to Plaintiff Rafaeli (¶¶2-30).

A "challenge to the process of a tax sale is effectively a challenge to the 'collection of a[ ] tax.'" District Lock & Hardware, Inc. v. District of Columbia, 808 F. Supp.2d 36, 39 (D.D.C. 2011). In that case, the plaintiff alleged it was given inadequate notice of the tax sale, the amount of the tax and of irregularities in the sale process. The Court held the principle of comity barred the case in federal court. Similarly, the Seventh Circuit stated:

> A lien sale is a mode of tax collection; and so an action to enjoin it, or declare it illegal, or rescind it, or perhaps even just obtain damages on the ground of its illegality, would be barred by the Act or, in the case of the damages suit, by the free-standing principle of comity.

Wright v. Pappas, 256 F.3d 635, 637 (7th Cir. 2001).

2

The only case cited by Plaintiffs which directly addresses this issue is Luessenhop v. Clinton County, New York, 466 F.3d 259 (2d Cir. 2006). In that case, the plaintiffs' complaints were "grounded in the means employed by the local governments to inform individuals that, due to their tax delinquency, title to their property will be transferred to the sovereign and sold at a public auction." Id. at 266. The Court held it was not deprived of jurisdiction since "the challenges here do not trigger the TIA because the taxpayers are not seeking to utilize federal courts as a conduit to empty state coffers." Id.

Luessenhop should not be followed. First, in Pegross v. Oakland County, in ordering the case dismissed for lack of jurisdiction, the Sixth Circuit discussed and quoted with approval the above language from Wright, supra. See Exhibit E at 11-12 to Defendant's opening brief. It is likely the Sixth Circuit would do the same in this case.

Second, Luessenhop relies on a Senate Judiciary Committee report to attempt to determine the purpose of the statute rather than applying the plain language of the statute. The plain language of the statute controls. Tenn. Valley Auth. v. Hill, 437 U.S. 153, 185 n. 29 (1978). Attempting to analyze the broad purpose of a statute, as Luessenhop does, is expressly disfavored. Board of Governors v. Dimension Fin. Corp., 474 U.S. 361, 373–74 (1986)

3

("Application of 'broad purposes' of legislation at the expense of specific provisions ignores the complexity of the problems Congress is called upon to address and the dynamics of legislative action.").

Third, as shown below, Hibbs v. Winn, 542 U.S. 88 (2004) – upon which Luessenhop relies – is not a taxpayer challenge to a tax. Luessenhop improperly attempts to import and apply broad, general statements from a different context to these facts.

Fourth, Luessenhop has been directly addressed, cogently criticized and not followed. District Lock and Hardware explained some of the reasons:

> The decision in Luessenhop neglects the text of the FTIA; moreover, a challenge to the process of tax collection will always "raise the specter of federal courts reducing the flow of money into state coffers." The FTIA plainly bars challenges to state tax "collection," and Luessenhop never addresses why a challenge to the adequacy of notice in a tax sale is not a challenge to "collection." Rather, the Second Circuit merely relies on the Congressional purpose of the FTIA. Moreover, even granting Luessenhop its premise that jurisdiction hinges on whether an action seeks to empty state coffers, a damages action plainly seeks money from state coffers. Although Lussenhop makes much of the fact that plaintiffs there did not "dispute the assessments or amounts owed," those plaintiffs still sought damages that effectively would offset the taxes recovered. Indeed, Luessenhop makes the worries of the Supreme Court in the "assessment" context come to fruition in the collection context: "State tax collection officials could be summoned into federal court to

4

> defend their [collections] … merely on the assertion that the tax" was unlawfully collected, and the federal court would thus become "a source of appellate review of all state" collection claims.

808 F. Supp 2d at 42 (citations omitted).

Luessenhop's conclusion that a case such as this does not seek to use the federal court "to empty state coffers" simply does not square with the facts – that is exactly what Plaintiffs are attempting to do in this case. Plaintiffs seek damages and declaratory relief. See Plaintiffs' Complaint, Wherefore clause at 37.

The other cases cited by Plaintiffs are readily distinguishable.

- Hibbs v. Winn, 542 U.S. 88 (2004) involved a challenge to an Arizona state income tax credit for contributions to "school tuition organizations" which could direct the money to religious schools. The plaintiffs claimed the tax credit violated the Establishment Clause. It was not brought by taxpayers attempting to contest the collection of a tax. In allowing the federal case to go forward, the court held the TIA "has been read to restrain state taxpayers from instituting federal actions to contest their liability for state taxes, but not to stop third parties from pursuing constitutional challenges to tax benefits in a federal forum." Id. at 108.

- BellSouth Telecommunication v. Farris, 542 F.3d 499 (6th Cir. 2008) involved a Kentucky law taxing telecommunications providers and prohibiting them from collecting the tax from their customers and identifying the tax on the bill. The plaintiffs did not challenge the collection of the tax by the government. It challenged the ban that they not collect the tax or show the tax on the bill. The Sixth Circuit held the TIA did not apply because the case was simply "a request to end a ban on what the provider may say about the tax

5

and on what the provider may do to collect the tax from someone else." Id. at 502.

- ACLU v. Bredesen, 441 F. 3d 370 (6th Cir. 2006) did not involve a tax. In that case, the ACLU attacked a Tennessee law authorizing the sale of license plates with a "Choose Life" logo. The Sixth Circuit held the TIA did not apply because the law applied to a sale of a product, not a tax. "Ordinary purchase payments are not taxes under the TIA, and neither is the extra payment for a specialty license plate." Id. at 373.

- Coleman v. District of Columbia, Case No. 13-1456 (D.D.C. September 30, 2014), unlike this case, did not challenge the legality of the sale, but rather claimed an unconstitutional taking. Id. at 11. The Court held the taking claim was appropriate because the District of Columbia does not allow an inverse condemnation claim. Michigan, however, clearly recognizes such a claim. E.g., Merkur Steel Supply v. Detroit, 261 Mich. App. 116 (2004). Such a claim must be first made in a Michigan court. "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 195 (1985).

Plaintiffs' argument that they do not have an adequate state remedy is without basis. Chippewa Trading Co. v. Cox, 365 F.3d 538 (6th Cir. 2004) held to the contrary. More specifically, taxpayers have challenged the tax foreclosure process in Michigan courts on constitutional grounds and been afforded relief. In Sidun v. Wayne County Treasurer, 481 Mich. 503 (2008), the Michigan Supreme Court held that Wayne County's attempts at providing

6

notice of a tax foreclosure sale to the plaintiff in that case were unconstitutional. In <u>In Re Petition by Wayne County Treasurer</u>, 478 Mich. 1 (2007), the Michigan Supreme Court held unconstitutional the provisions of the GPTA that vest title in the foreclosing governmental unit without allowing the circuit court to modify judgments obtained without due process. In addition, review by the Supreme Court is available from the Michigan Supreme Court. <u>See</u> <u>Jones</u> v. <u>Flowers</u>, ___ U.S. ___; 126 S. Ct. 1708 (2006) (certiorari granted after Arkansas Supreme Court decided case involving adequacy of notice in tax sale).

                              GIARMARCO, MULLINS & HORTON, P.C.

                    By: <u>/s/ William H. Horton</u>
                          **WILLIAM H. HORTON** (P31567)
                          **ELIZABETH A. FAVARO** (P69610)
                          Attorneys for Defendants Oakland County and Andrew Meisner
                          101 West Big Beaver Road, Tenth Floor
                          Troy, Michigan 48084-5280
                          (248) 457-7000
                          bhorton@gmhlaw.com

                          <u>/s/ Keith J. Lerminiaux</u>
                          **KEITH J. LERMINIAUX** (P30190)
                          Co-Counsel for Oakland County and Andrew Meisner
                          Department of Corporation Counsel
                          1200 N. Telegraph Road, Dept. 419
                          Pontiac, Michigan 48341-0419
                          (248) 858-0557
                          lerminiauxk@oakgov.com

/s/ Cynthia M. Yun
**CYNTHIA M. YUN** (P40544)
Attorney for Defendants Wayne County
and Wayne County Treasurer
Raymond Wojtowicz
Wayne County Corporation Counsel
400 Monroe, Suite 660
Detroit, Michigan 48226
(313) 224-6668
cyun@co.wayne.mi.us

Date: January 12, 2015

## CERTIFICATE OF SERVICE

On January 12, 2015, I certify that I electronically filed this document with the Clerk of the Court through the ECF System, which will send notice of such electronic filing to all counsel of record registered electronically.

/s/ William H. Horton
WILLIAM H. HORTON (P31567)
Attorney for Oakland County and
Oakland County Treasurer
bhorton@gmhlaw.com