UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAELI, LLC, and GREAT LAKES
AFFORDABLE HOUSING, LLC

       Plaintiffs,
v.                                         Case No. 14-13958

WAYNE COUNTY, WAYNE COUNTY        HON. TERRENCE G. BERG
TREASURER RAYMOND WOJTOWICZ,
OAKLAND COUNTY, and OAKLAND
COUNTY TREASURER ANDREW
MEISNER,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO REOPEN CASE (DKT. 19) AND DENYING, AS MOOT,
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 21)**

This case is a putative class action, brought by Plaintiff Rafaeli, LLC and Great Lakes Affordable Housing, LLC ("Plaintiffs") against Defendants Wayne and Oakland Counties and the Treasurers of those Counties ("Defendants"). Plaintiffs allege, generally, that the notices required by the Michigan General Property Tax Act ("GPTA") – Mich. Comp. Laws § 211.1 – regarding delinquent real estate taxes, judicial tax foreclosure proceedings and the subsequent judicial foreclosure proceedings violate the constitutional guarantees of Due Process and Equal Protection. In addition, Plaintiffs allege a constitutional violation of the takings clause of the Fifth Amendment on the ground that when real property is foreclosed upon for failure to pay property taxes, the entire equity is being taken even when its

value far exceeds the amount of taxes owed, and such a taking is without just compensation. Accordingly, Plaintiffs seek an award of "just compensation," as well as a declaration from this Court that Michigan's GPTA is unconstitutional.

By way of procedural background, this Court previously entered an order (Dkt. 17)[1] granting Defendants' motion to dismiss, on the grounds that this Court lacked subject matter jurisdiction over this matter by operation of the Tax Injunction Act – 28 U.S.C. § 1341 – and that principles of comity required that this case be dismissed because a remedy was available in state court. In a nutshell, this Court found that Plaintiffs' claims could not be brought in Federal Court, but rather must be brought in a state court of competent jurisdiction. Thus, the Court dismissed Plaintiffs' claims without prejudice to them being refiled in state court.

Both Plaintiffs (Rafaeli & Great Lakes) refiled their claims in state court – Plaintiff Rafaeli in the Oakland County Circuit Court (Case No. 2015-147429-CZ, Langford-Morris, J.) and Plaintiff Great Lakes in the Wayne County Circuit Court (Case No. 15-007482-CZ, Colombo, C.J.). Both state courts granted summary disposition to Defendants, and dismissed Plaintiffs' claims. Plaintiff Rafaeli appealed Judge Langford-Morris's dismissal of its claims to the Michigan Court of Appeals (COA Case No. 330696). That appeal is pending. Plaintiff Great Lakes chose not to appeal Judge Colombo's decision, but rather filed a motion (Dkt. 19) in this Court to reopen the case that this Court previously dismissed.

---

[1] *Rafaeli, LLC v. Wayne Cty.*, No. 14-13958, 2015 WL 3522546 (E.D. Mich. June 4, 2015). The Court will not recite all of the background facts and analysis contained in its previous order in this order, but rather incorporates that discussion by reference herein.

2

Defendant Wayne County responded to Great Lakes' motion to reopen (Dkt. 20), arguing that res judicata and the *Rooker-Feldman* doctrine barred Great Lakes from re-litigating the claims that Judge Colombo dismissed. Defendant Wayne County also filed a motion for summary judgment (Dkt. 21), in which it also argued that Great Lakes' claims were barred by res judicata. This Court heard argument on both motions on March 7, 2016.

For the reasons set forth below, the Court finds that res judicata bars Plaintiff Great Lakes from relitigating the claims that Judge Colombo dismissed on the merits. Therefore, Plaintiff Great Lakes' motion to reopen this case (Dkt. 19) is **DENIED** and Defendant Wayne County's motion for summary judgment (Dkt. 21) is **DENIED AS MOOT**.

## DISCUSSION

### A. *Motion for Relief from Judgment Standard*

Plaintiff Great Lakes moves to reopen this case under Rule 60(b). Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation," *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992), the Court will only grant Rule 60 relief under one of the circumstances enumerated in Rule 60(b), where the situation merits reopening the underlying case. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998). Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Courts

3

consider three factors assessing a Rule 60(b) motion: (1) culpability for the adverse judgment, (2) prejudice to the opposing party, and (3) whether the underlying claim or defense is meritorious. *See Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012).

### *B. Res Judicata Bars Plaintiff Great Lakes' Claims*

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007).  The "Full Faith and Credit statute," 28 U.S.C. § 1738 requires federal courts in a § 1983 action to give state court judgments the same preclusive effect those judgments would have in the rendering state's courts.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80–82, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

Federal courts look to the forum state's law to determine the preclusive effect that attaches to the forum state's judgments.  *See Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011).  Plaintiff Great Lakes' prior litigation took place in a Michigan state court, which employs a "broad view of res judicata," *In re MCI Telecommunications Complaint*, 460 Mich. 396, 431, 596 N.W.2d 164, 183 (1999), that "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first," *Abbott*, 474 F.3d at 331 (quoting *Adair v. State*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (Mich. 2004)).

4

Res judicata "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (internal quotation marks omitted). "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit." *Adair*, 470 Mich. at 125, 680 N.W.2d at 398 (internal quotations omitted; emphasis and alteration in original). The burden of proving res judicata is on the party asserting it. *See Abbott*, 474 F.3d at 331.

In this case, Plaintiff asserted both federal and state constitutional claims in the Wayne County Circuit Court. Specifically, Plaintiff asserted the same due process, equal protection and takings clause (or just compensation) claims (Dkt. 8, Ex. B, State Court Compl.) that it now seeks to revive before this Court. These claims were litigated on the merits, and ultimately dismissed by Judge Colombo, who explained his ruling as follows:

> The first issue this Court will address is Plaintiffs claim there is a due process violation on both United States and Michigan Constitutions when the Defendants learn that Plaintiff did not receive notice .... [recitation of background facts] This satisfies the requirements of due process under both United States and the Michigan Constitutions. [Plaintiffs claim the] General Property Tax Act is unconstitutional because it deprives tax payers of their right to just compensation when the government takes their entire property and sells it for amounts in excess of the tax delinquency. They claim this violates the due process clause of the United States Constitution and the Fifth and Fourteenth Amendments as well as the ... illegal taking of property under the Michigan Constitution. There was no violation of U.S. and Michigan Constitution for keeping the equity in the property in excess of the taxes. This Court will also grant summary disposition under MCR 2.116(C)(8) as to the Equal Protection claim because Plaintiff never responded to

5

>Defendants' arguments and brief on this issue. This Court agrees with Defendants' analysis of the Equal Protection argument (Dkt. 20, Ex. D at 10, 13-15).

It is clear that Judge Colombo considered the same claims that Plaintiff wishes to relitigate in this forum, and dismissed them on the merits.

In an attempt to overcome the bar of res judicata, Plaintiff argues that its takings clause claims did not become ripe until the Michigan courts finally ruled that no compensation would be made for the alleged taking, relying on *Williamson County Regional Planning Comm 'n v. Hamilton Bank*, 473 U.S. 172 (1985). Plaintiff claims that Michigan did not fail to provide "compensation" until after Judge Colombo dismissed Plaintiff Great Lakes' claims. However, the Supreme Court has rejected this argument, holding "[i]t is hardly a radical notion to recognize that, as a practical matter, a significant number of plaintiffs will necessarily litigate their federal takings claims in state courts." *San Remo Hotel, L.P. v. City & Cty. of San Francisco, Cal.*, 545 U.S. 323, 346, 125 S. Ct. 2491, 2506, 162 L. Ed. 2d 315 (2005). In *San Remo*, the plaintiff litigated a takings claim in California state courts. When it was unsuccessful in state court, it filed suit in federal court. The district court dismissed the complaint and the dismissal was affirmed by the Ninth Circuit Court of Appeals. In the Supreme Court, the plaintiff claimed it was required to litigate the takings claim in state court because it was not ripe under *Williamson*. Therefore, according to the plaintiff, because it was forced to litigate in state court, the full faith and credit statute should not be applied since it would deprive petitioner of a federal forum for its federal

6

constitutional claims.  The Supreme Court rejected that argument, applied the full faith and credit statute, and dismissed the case:

> At base, petitioners' claim amounts to little more than the concern that it is unfair to give preclusive effect to state-court proceedings that are not chosen, but are instead *required* in order to ripen federal takings claims. Whatever the merits of that concern may be, we are not free to disregard the full faith and credit statute solely to preserve the availability of a federal forum.

*San Remo*, 545 U.S. at 347 (emphasis in original); *see also Trafalgar Corp. v. Miami Cty. Bd. of Comm'rs*, 519 F.3d 285, 288 (6th Cir. 2008) ("because [the plaintiff] asserted federal issues in its complaint at the state court level, it cannot now claim to have reserved its federal causes of action for subsequent litigation in federal court").

    Plaintiff Great Lakes' claims are barred by res judicata.  Consequently, this case will not be reopened.  Because Plaintiff's claims are barred by res judicata, the Court need not reach the question of whether Plaintiff's claims are also barred by the *Rooker-Feldman* doctrine.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to reopen this case (Dkt. 19) is **DENIED**, and Defendant's motion for summary judgment (Dkt. 21) is **DENIED AS MOOT**.

SO ORDERED.

Dated:  June 10, 2016                             s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on June 10, 2016, using the CM/ECF system, which will send notification to all parties.

                                                  s/A. Chubb
                                                  Case Manager